IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ELIJAH DECOLE WOODS, #2107168 | § § | |
| VS. | § § | CIVIL ACTION NO. 4:22cv4 |
| DIRECTOR, TDCJ-CID | § § | |

**INITIAL REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

*Pro Se* Petitioner Elijah Decole Woods filed a "Motion to Produce Exculpatory and Mitigating Evidence." (Dkt. #37). Petitioner's motion is construed as a petition for a writ of mandamus. *See Pittson Coal Grp. v. Sebben*, 488 U.S. 105, 121 (1988) (holding that mandamus is used "only to compel the performance of a clear, nondiscretionary duty").

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Federal courts must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Federal courts have a "continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The court may *sua sponte* raise jurisdictional issues at any time. *Id.* Federal courts must dismiss an action whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998); *see also Hunnel v. Dir.*, TDCJ-CID, No. 4:21CV010, 2021 WL 4859927, at *2 (E.D. Tex. Aug. 11, 2021), *report and recommendation adopted*, No. 4:21CV10, 2021 WL 4844806 (E.D. Tex. Oct. 18, 2021).

The only federal statute concerning the authority of federal courts to issue writs of mandamus is 28 U.S.C. § 1361. The statute specifically provides that federal district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, a federal district court is not authorized to direct state officials in the performance of their duties. *Moye v. Clerk, Dekalb Cnty. Superior Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973); *see also Emerson v. Owens*, 472 F. App'x 308 (5th Cir. 2012).

Petitioner seeks to have the Court compel "the State of Texas by and through its District Attorney to disclose to the Petitioner herein all exculpatory and/or mitigating evidence." (Dkt. #37, p. 1). Petitioner then lists the evidence he wants produced. (Dkt. #37, p. 1). Existing precedent does not support Petitioner's request. The State of Texas and district attorneys of the State of Texas are not federal officers, agents, or employees and are not subject to the statutory mandamus authority of this Court. *See Cross v. Thaler*, 356 F. App'x 724, 725 (5th Cir. 2009) (federal district courts may not issue a writ of mandamus to compel state officials to give an inmate documents); *see also Moye*, 474 F.2d at 1275-76 ("[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought."). Consequently, this Court lacks jurisdiction to entertain Petitioner's request for relief.

## RECOMMENDATION

Accordingly, it is recommended that Petitioner's "Motion to Produce Exculpatory and Mitigating Evidence" (Dkt. #37), construed as a petition for a writ of mandamus, be denied.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.

28 U.S.C. § 636(b)(1)(c). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 24th day of April, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE