IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ELIJAH DECOLE WOODS, #2107168 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.  4:22cv4 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

## ORDER ADOPTING INITIAL REPORT AND RECOMMENDATION CONCERNING PETITIONER'S WRIT OF MANDAMUS

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson. The Magistrate Judge issued an Initial Report and Recommendation (Dkt. #38), which contains proposed findings of fact and recommendations for the disposition of Petitioner's "Motion to Produce Exculpatory and Mitigating Evidence" (Dkt. #37), which was construed as a petition for a writ of mandamus. Petitioner filed objections. (Dkt. #39).

In the objections, Petitioner "objects to the Magistrate Judge's reasoning that [this Court] lacks jurisdiction" to determine the merits of Petitioner's habeas claims. (Dkt. #39). The Magistrate Judge did not conclude that this Court lacks jurisdiction to consider the merits of Petitioner's habeas claims; rather, the Magistrate Judge correctly concluded that this Court lacks jurisdiction to entertain Petitioner's request to have this Court compel "the State of Texas by and through its District Attorney to disclose to the Petitioner herein all exculpatory and/or mitigating evidence." (Dkt. #37, p. 1). The State of Texas and district attorneys of the State of Texas are not federal officers, agents, or employees and are not subject to the statutory mandamus authority of this Court. *See Cross v. Thaler*, 356 F. App'x 724, 725 (5th Cir. 2009) (federal district courts may not issue a writ of mandamus to compel state officials to give an inmate documents); *see also Moye*, 474 F.2d at 1275-76 ("[A] federal court lacks the general power to issue writs of mandamus

to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought.").

Petitioner also objects to the Report and Recommendation on the basis that the State has failed "to provide the requested material information to be part of the record provided to said Court." (Dkt. #39, p. 2). This objection is not responsive to the Magistrate Judge's recommendation that this Court lacks jurisdiction to consider Petitioner's construed petition for a writ of mandamus. The Court notes that Respondent has filed an answer (Dkt. #23) and the state court records (Dkt. #24). After considering the Director's answer, the rules allow for discovery, if warranted. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Additionally, Rule 7 specifies that if the petition is not dismissed, the judge *may* direct the parties to expand the record. The Court will "review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8 of the *Rules Governing Section 2254 Cases in the United States District Courts*. The Court is diligent in reviewing the state court records and considering the relevant facts and law, and the Court will consider such facts and law as they apply to Petitioner's case. If the Court determines that discovery or expansion of the record is warranted, the Court will issue an order to that effect.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. The Court concludes that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

3

It is accordingly **ORDERED** that Petitioner's "Motion to Produce Exculpatory and Mitigating Evidence" (Dkt. #37), construed as a petition for a writ of mandamus, is **DISMISSED** for lack of jurisdiction.

**SIGNED this 10th day of July, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE