IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ELIJAH DECOLE WOODS, #2107168 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22cv4 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The above-entitled and numbered civil action was referred to United States Magistrate Judge Aileen Goldman Durrett, who issued a Report and Recommendation ("the Report") (Dkt. #63) concluding that the petition for writ of habeas corpus should be denied and the case should be dismissed with prejudice. Petitioner filed objections. (Dkt. #66).

In the objections, Petitioner complains that the Magistrate Judge rephrased his claims and then addressed only a part of the claim or an entirely different claim. (Dkt. #66, p. 1). Petitioner does not provide any further specifics or argument in support of his objection. Review of the § 2254 petition and memorandum in support of the § 2254 petition reflects that the Magistrate Judge appropriately considered Petitioner's claims raised in his petition. Petitioner's objection is conclusory and without merit.

Petitioner also objects to the Magistrate Judge's finding that Claim 2 is unexhausted. (Dkt. #66, p. 1). In Claim 2, Petitioner argues that trial counsel was ineffective for failing to object to the admission of State's Exhibit Two (the video from the drug transaction). He argues that he raised this claim in his state habeas application when he alleged that "Exhibit 2 was admitted without objection." *Id.* But Petitioner did not frame this allegation in the context of ineffective assistance of counsel; therefore, Petitioner did not apprise the state court of the legal theory upon

1

which Claim 2 was based. Accordingly, the Magistrate Judge correctly found that Claim 2 is unexhausted and procedurally barred. Petitioner's objection is without merit.

Finally, Petitioner objects to the Magistrate Judge's finding that he failed to satisfy the two-prong ineffective assistance of counsel test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). (Dkt. #66, p. 1). Petitioner reurges the arguments raised in his § 2254 petition. The Court has reviewed the arguments, and they generally add nothing new to Petitioner's prior contentions in this case. Despite his arguments, Petitioner fails to show that the Report is in error or that he is entitled to relief on his ineffective assistance of counsel claims.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Petitioner to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

It is accordingly **ORDERED** the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**.

It is further **ORDERED** that all motions not previously ruled on are hereby **DENIED**.
**SIGNED this 10th day of March, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE